52 F.3d 1122
 311 U.S.App.D.C. 277
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Roy E.S. CLARK; Lois I. Clark, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 94-5093.
 United States Court of Appeals, District of Columbia Circuit.
 March 29, 1995.
 
 Before SILBERMAN, BUCKLEY, and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 We affirm the decision of the district court granting the Government's motion for summary judgment. In the absence of evidence that the United States "controll[ed] the detailed physical performance of the contractor," United States v. Orleans, 425 U.S. 807, 814 (1976), any negligence on the part of the independent contractor, Gassman Corporation, is not an act of an "employee" of the federal government. See 28 U.S.C. Secs. 1346(b), 2671. We therefore hold that the United States is not liable for any negligence on the part of Gassman.
 
 
 3
 As for any direct negligence of the United States, the contract expressly provided that Gassman "shall provide for protecting the lives and health of employees ..." and toward that end, required Gassman to take various safety precautions. Accordingly, the contract imposed a duty on the independent contractor, not the United States, to ensure that job-site safety requirements were met. While the contract did incorporate by reference regulations providing that "[t]he Contracting Officer shall notify the Contractor of any noncompliance with [enumerated] requirements and of the corrective action required," this does not impose liability on the United States for any injury to Clark. See, e.g., Lathers v. Penguin Indus., Inc., 687 F.2d 69, 73 (5th Cir.1982) (Government's right to prescribe safety standards, perform safety inspections, and direct the contractor to cease performance if an unsafe condition existed is not equivalent to day-to-day supervision of details of production); Fisher v. United States, 441 F.2d 1288, 1292 (3d Cir.1971) ("the United States may not be held liable for injuries to workmen on Government job sites merely because it retains the right, and actually undertakes, to require adherence to safety regulations and to inspect for compliance with its contract."). The United States neither had nor assumed a duty of care toward Clark by making provision for, and performing, safety inspections.
 
 
 4
 Nor does the United States have a nondelegable duty under District of Columbia law. The nondelegable duty doctrine is inapplicable to cases arising under the Federal Tort Claims Act because federal law does not permit the application to the United States of a generalized state-defined duty. See Berkman v. United States, 957 F.2d 108, 113 (4th Cir.1992) ("By expressly waiving immunity for the tortious conduct of its employees, and only its employees, the FTCA requires a more focused approach that requires the courts to determine the relationship to the United States of the actor whose negligence might be imputed to the government under state law."). Accordingly, it is
 
 
 5
 ORDERED AND ADJUDGED by the court that the district court's decision be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.